UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| T.A.V. | CIVIL ACTION |
| VERSUS | NO. 26-281 |
| SOCIAL SECURITY ADMINISTRATION | DIVISION (3) |

**ORDER AND REASONS**

Claimant T.A.V. seeks judicial review of a final decision by the Social Security Administration ("the Administration") denying her applications for disability insurance benefits and supplemental security income under Titles II (216(i), 223(d)) and XVI (1614(a)(3)(A)) of the Social Security Act.[1] Claimant requests that the Court reverse the Administrative Law Judge's (ALJ) holding that Claimant is not entitled to these benefits. In the alternative, she requests a remand for further proceedings.[2] The Administration, via its commissioner Frank Bisignano, requests the Court affirm the Commissioner's decision and dismiss Claimant's complaint.[3] Having carefully considered the parties' briefings, the administrative record, and the applicable law, Claimant's appeal is **DENIED**.

## I. Background

Claimant is a 46-year-old female with a high school education and a phlebotomist certificate.[4] Prior to 2015, she had approximately thirteen years of work

[1] R. Doc. 1 at 1; R. Doc. 10 at 1910–12.
[2] R. Doc. 1 at 2.
[3] R. Doc. 17 at 10.
[4] R. Doc. 10 at 90, 1956.

experience performing clerical work and two years in food service.[5] The ALJ confirmed Claimant's severe impairments of lumbar spondylosis, facet joint syndrome, radiculopathy, cervical spondylosis with myelopathy, coronary artery disease, status post remote myocardial infarction, and status post remote cerebrovascular accident.[6]

Claimant first applied for disability insurance benefits on April 26, 2015 and filed additional applications on May 29, 2019. This is Claimant's fourth application for judicial review. In each of the three prior cases, the ALJ determined Claimant was not disabled, but the Court granted motions to remand filed by the Administration relative to procedural issues.[7] Thus, until now, the District Court has not yet reviewed the merits of the prior decisions.

Claimant's instant appeal arises from the ALJ's determination that Claimant is not disabled because she retains the age, education, work experience, and residual functional capacity to perform certain jobs that exist in significant numbers in the national economy.[8] Claimant argues that substantial evidence does not support the ALJ's residual functional capacity finding and that the ALJ erred in affording insufficient weight to Claimant's treating physician, Dr. Charles Genovese.[9]

---

[5] *Id.* at 91-95.
[6] *Id.* at 1915; R. Doc. 14 at 2; R. Doc. 18 at 1.
[7] R. Doc. 10 at 1910–12. For example, one remand resulted from the vocational expert listing certain jobs in the Dictionary of Occupational Titles which are now considered obsolete. *Id.* at 1911.
[8] *Id.* at 1952.
[9] R. Doc. 14 at 1.

## II. Legal Standard

20 C.F.R. § 404.1520 requires a five-step sequential analysis in determining a claimant's assertion of disability.

> The five steps consider: (1) Is the claimant "doing substantial gainful activity"? (2) If not, does the claimant "have a severe medically determinable physical or mental impairment" of sufficient duration? (3) If so, does her impairment(s) meet or equal a listing in Appendix 1 of the applicable regulations? (4) If not, considering the claimant's "residual functional capacity," can the claimant still do her "past relevant work"? (5) If not, can the claimant adjust to other work given her residual functional capacity, age, education, and work experience?

*Vasquez v. O'Malley*, 2024 WL 4381269, at *1 n.1 (5th Cir. Oct. 3, 2024) (quoting 20 C.F.R. § 416.920). At Steps One through Four, the burden of proof is on the claimant to show she is disabled. *Shave v. Apfel*, 238 F.3d 592, 594 (5th Cir. 2001) (citation omitted). If the claimant can carry this burden through Steps Three or Four then she has established disability. *Id.* The burden then shifts to the Commissioner at Step Five to prove the claimant nonetheless retains sufficient functional capacity to adjust to other employment that exists in significant numbers in the national economy. *Id.; see also Perez v. Heckler*, 777 F.2d 298, 300-301 (5th Cir. 1985). If the Commissioner meets that burden, then the burden shifts back to the claimant to prove that she cannot perform the other work. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

This Court's review of a denial of social security benefits "is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when

evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). When the ALJ's findings are supported by substantial evidence, such findings are deemed conclusive and the Court must affirm them. *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (citing Section 205(g), 42 U.S.C. § 405(g)). The Court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [its] judgment. . . even if [the Court concludes that] the evidence preponderates against" the ALJ's findings. *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988) (citation omitted).

The substantial-evidence standard requires the Court to determine whether sufficient evidence supports the Administration's factual determinations. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (citation omitted). "Substantial" here is not a high evidentiary threshold, but rather the Court may properly find that substantial evidence does not support the ALJ's decision only absent credible evidentiary choices or a lack of contrary medical evidence. *Id.*; *see also Johnson*, 864 F.2d at 343–344 (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1986)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan,* 38 F.3d at 236 (citations omitted). This must constitute "more than a mere scintilla" of evidence but may be "less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)).

## III. Analysis

The ALJ conducted the five-step sequential analysis required by 20 C.F.R. § 404.1520 and determined that Claimant met Steps One through Four but not Step

Five.[10] The ALJ considered the vocational expert's testimony that Claimant is able to perform the work of unskilled sedentary occupations, such as order clerk and interviewer, even with a limitation of standing or walking no more than two hours each workday.[11] Although Dr. Genovese opined that Claimant is subject to more extreme limitations, the ALJ gave that opinion little to no weight given the significant contrary evidence.[12]

The ALJ, not the treating physician, has "sole responsibility for determining a claimant's disability status." *Greenspan*, 38 F.3d at 237. The ALJ accordingly "is entitled to determine the credibility of medical experts. . . and weigh their opinions accordingly." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985). This includes an ALJ's ability to assign little or no weight to a treating physician's opinions when good cause is shown. *Greenspan*, 38 F.3d at 237.

When a treating source's opinion is not well-supported or is inconsistent with other substantial evidence, the ALJ considers a number of factors in determining what weight to afford the opinion. 20 C.F.R. §§ 404.1529(c)(2)–(6), 416.927(c)(2)–(6), 416.920c. § 404.1527(c)(2) enumerates the factors for claims filed before March 27, 2017 as: (1) whether the medical source performed an examination; (2) the nature of the treatment relationship (considering the length of the treating relationship and the frequency of examination, and the nature and extent of the treatment relationship); (3) whether the physician provides medical evidence to support his

---

[10] R. Doc. 10 at 1914–15, 1952–53.
[11] *Id.* at 1953.
[12] *Id.* at 1950.

opinion; (4) whether the opinion is consistent with the record as a whole; (5) the specialization of the treating physician; and, (6) any other factors which tend to support or contradict the medical opinion. Similarly, § 404.1520c(c) enumerates the factors for claims filed on or after March 27, 2017 as: (1) whether the physician provides medical evidence to support his opinion; (2) whether the opinion is consistent with the record as a whole; (3) the physician-patient relationship (considering the length of the treatment relationship, frequency of examinations, purpose of the relationship, extent of the relationship, and whether the medical source performed an examination); (4) the specialization of the treating physician; and, (5) any other factors which tend to support or contradict the medical opinion.

The ALJ properly considered these factors in assigning Dr. Genovese's assessments little to no weight.[13] Dr. Genovese wrote that Claimant used a walker most of the time and was totally and permanently disabled from any occupation.[14] Other medical experts and Claimant's own questionnaire responses, however, suggest that she does not use a walker. With respect to Claimant's functioning level, the other experts did not indicate that Claimant reported extreme pain. Moreover, imaging from 2014 and 2015 did not substantiate Dr. Genovese's opinion. Thus, the ALJ concluded that objective medical evidence does not "document signs or symptoms from imaging or examinations suggesting [Claimant] has extreme limitations."[15]

---

[13] *Id.*
[14] *Id.* at 1936–37. As the ALJ explains, Dr. Genovese lacks authority to address this legal conclusion. R. Doc. 10 at 1937; *see also Greenspan*, 38 F.3d at 237
[15] *Id.* at 1936.

Further, the ALJ observed that Dr. Genovese cited minimal medical evidence to support his opinion, and that Dr. Genovese's conclusions sometimes contradicted his own examinations.[16] The ALJ thus had good cause to discount Dr. Genovese's opinion as his "evidence is conclusory, is unsupported by medically acceptable clinical laboratory or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000).

The ALJ relied on substantial evidence from other medical professionals supporting the conclusion that Claimant is not disabled:

- Dr. Fitch's 2015 assessment deemed Claimant to have no physical limitations.[17] The ALJ gave this great weight due to the "relatively unremarkable physical examination" being consistent with earlier medical visits and diagnostic testing.[18]

- Dr. Bagley conducted an examination in August 2019 during which he observed Claimant could walk short distances and could tolerate sitting.[19] The ALJ gave Dr. Bagley's 2019 assessment "significant, but not controlling" weight since Claimant "exhibited some abnormalities. . . but she still remained relatively unremarkable."[20]

- Dr. Durdin, while conducting a mental consultative examination, characterized Claimant as not requiring special assistance or using an assistive device.[21] The ALJ assigned Dr. Durdin's physical description of Claimant great weight because it was consistent with many other medical visits.[22] Dr. Durdin's reports reflected that Claimant indicated she could perform many daily activities inconsistent with her assertions of pain and with Dr. Genovese's conclusions.[23]

---

[16] *Id.* at 1937.
[17] *Id.* at 1928.
[18] *Id.*
[19] *Id.* at 1934.
[20] *Id.*
[21] *Id.* at 1935.
[22] *Id.*
[23] *Id.*

- Dr. Rogers, in his October 15, 2019 Physical Residual Functional Capacity Assessment, concluded Claimant could perform a full range of light work.[24] The ALJ assigned Dr. Rogers's assessment "limited weight," noting that it was generally consistent with other assessments but did not account for certain abnormalities.[25]

- Dr. Hargus, in his March 11, 2020 reconsideration, concluded that Dr. Genovese was not justified in his walker recommendation, and that Claimant could perform less than a full range of light level work.[26] The ALJ gave Dr. Hargus's 2020 opinion "great, but not controlling weight" in assessing Claimant could perform less than a full range of light level work.[27]

Finally, there were various other examinations and consultations that, although the ALJ did not explicitly assign weight toward, are generally consistent with the overall medical record other than Dr. Genovese's anomalous conclusions.[28]

## IV. Conclusion

Substantial evidence supports the ALJ's conclusion that Claimant can adjust to other work as required by Step Five in the sequential analysis. The ALJ was within his discretion to afford Dr. Genovese's assessments little to no weight considering the significant contrary evidence from multiple other sources.

Accordingly,

**IT IS ORDERED** that the decision of the Administrative Law Judge at Step Five that Claimant could perform other work given her residual functional capacity, age, education, and work experience, and thereby is not disabled, is **AFFIRMED**.

---

[24] *Id.* at 1949.
[25] *Id.*
[26] *Id.*
[27] *Id.* at 1950.
[28] *Id.* at 1940–48

New Orleans, Louisiana, this 30th day of October, 2026.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE